TOBE PETTY v. THE STATE.

No. 22139. Delivered June 10, 1942.

The opinion states the case.

*J. Y. Gray* and *Nat Gentry, Jr.,* both of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the possession of unstamped illicit liquor. The punishment assessed is a fine of $150.00.

The State's evidence is to the effect that on the 15th day of November, 1941, C. B. Carter, an inspector for the Texas Liquor Control Board, together with local peace officers, acting under a search warrant, made a search of the appellant's premises in the City of Tyler, Texas. At the time of the search appellant was standing in the kitchen of his home holding a stew pot in his hand. The pot was wet and contained the odor of whisky. An aluminum measuring cup and a tin funnel were on a table nearby. Quite a number of empty whisky bottles were also present. A five-gallon paint can containing a liquor was standing on the floor. This liquid, according to the witness, "smelled like creosote." The witness filled a half-gallon fruit jar with the liquid from the can, and same was introduced in evidence upon the trial. No tax stamps were attached to the can from which the liquid was taken.

Bruce Barton, a deputy sheriff, corroborated the witness Carter as to what they found on the appellant's premises as a result of the search. He saw appellant pour the liquid from the stew pan into the five-gallon paint can on the floor. He later smelled the stew pan and could smell the odor of alcohol. He also smelled the five-gallon can but "it was kinda hard to say what it smelled like."

The witness Wallace, a graduate chemist employed by the Texas Liquor Control Board, testified that he made a chemical analysis of the contents of the one-half gallon fruit jar handed him by C. B. Carter; that the examination of the liquid revealed that it contained in excess of one-half of one per cent of alcohol by volume; that it contained approximately ten per cent of alcohol by volume; that in addition thereto the mixture contained "cresol," which is commonly caller creosote. According to the witness, the liquid was not fit for beverage purposes, either alone or when diluted; but that after the alcohol had been separated from the creosote, the alcohol was then fit for beverage purposes, either alone or when diluted.

Appellant did not testify upon the trial; neither did he introduce any evidence in his behalf. Consequently the only question presented is the sufficiency of the evidence to support the conviction.

It will be noted from the foregoing brief statement of the evidence that the concoction in the paint can was not usable for beverage purposes. If it was not drinkable it was not an alcoholic beverage as that term is defined in the statute, Art. 666-3a, Vernon's Ann. Tex. P. C., Vol. 1. The liquid in the paint can, not being an alcoholic beverage which was drinkable, the container thereof would not need a stamp affixed thereto. See McChristy v. State, 138 Tex. Cr. R. 26, 133 S. W. (2d) 976. This relegates us to the odor of alcohol in the stew pan. The evidence fails to disclose the character or amount of alcohol which appellant had in the stew pan, nor where it came from. If it came from a container to which a stamp was affixed, there would be no offense. Consequently, the evidence is entirely too unsatisfactory to permit the conviction to stand.

From what we have said it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.